David J. Kaloyanides SBN 160368
E: djpk@rt2counsel.com
David J.P. Kaloyanides, APLC
111 W. Ocean Blvd., Ste 400
Long Beach, CA 90802
(213) 623-8120

Attorney for Defendant
Shuyi Xing

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br><br>YANG SONG, et al., (SHUYI XING),<br>                      Defendants. | Case No.: 2:24-cr-00331-AB-05<br><br>DEFENDANT SHUYI XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION; MEMORANDUM OF POINTS AND AUTHORITIES.<br><br>Hearing Date:    3 June 2024<br>Hearing Time:    11:30 a.m.<br>Courtroom:    Roybal 790<br>Hon. Magistrate Judge Margo A. Rocconi |

Defendant Shuyi Xing, individually and by and through his attorney of record in this case, David J. Kaloyanides, hereby files this response to the government's Notice of Request for Detention.

The Government is not entitled to a detention hearing as there is no statutory basis for a detention hearing in that the offense conduct alleged in the Indictment does not meet any of the categories of crimes for which a detention hearing is warranted under

1
DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

18 U.S.C. § 3142(f)(1) and the government cannot meet its burden of showing that Mr. Xing poses a serious risk of flight nor that there is a serious risk that Mr. Xing will "obstruct or attempt to obstruct justice or threaten, injure or intimidate or attempt to do so to a prospective witness or juror." 18 U.S.C. § 3142(f)(2).

      This Response is based on the accompanying Memorandum of Points and Authorities, the papers, pleadings, and other documents in the Court's file, defendant's Due Process Rights, his Sixth Amendment right to effective assistance of counsel, the argument and such other evidence as may be presented at the hearing of this matter, and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Date: 3 June 2024

s/ *David j. Kaloyanides*

David J. Kaloyanides
Attorney for Defendant
Shuyi Xing

# MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

The Government is not entitled to a detention hearing in this case. Mr. Xing is not charged with any crime that falls within the category of offenses for which a detention hearing is warranted under 18 U.S.C. § 3142(f)(1). Moreover, while the Government alleges it is entitled to a detention hearing on the grounds that Mr. Xing is a serious risk of flight or that there is a serious risk that he obstruct or attempt to obstruct justice or threaten, injure or intimidate or attempt to do so to a prospective witness or juror" under 18 U.S.C. § 3142(f)(2), the Government cannot prove by a clear and convincing evidence, which is the correct standard for the government's burden, nor even prove by a preponderance of the evidence, that either prong of § 3142(f)(2) are met.

Accordingly, the Court must release Mr. Xing on his own recognance or on his own personal signature bond.

II. STATEMENT OF FACTS

Mr. Xing is charged with Conspiracy to commit wire fraud and mail fraud (18 U.S.C. § 1349); Aggravated Identity Theft (18 U.S.C. § 1028A); actual wire and mail fraud (18 U.S.C. § 1343 and 1341); and Conspiracy to traffic in counterfeit goods (18 U.S.C. § 2320). These charges arise out of the alleged manufacturing of counterfeit products of Apple Inc., namely Apple's iPhone and iPad, and the actual and attempted presentation of these counterfeit products to Apple Inc. as genuine in order to defraud Apple Inc. into exchanging the products for actual products manufactured by Apple Inc. The Government alleges that when the co-conspirators secured actual Apple products, the

products were shipped out of the United States to other locations, primarily China, where they were sold for a substantial profit.

Mr. Xing has very limited criminal history. According to the Pretrial Services report, he has one conviction for misdemeanor battery in 2011—twelve years ago. He has no law enforcement contacts since.

Mr. Xing is a permanent legal resident of the United States. He and his partner own their residence in Corona where they have lived for five years with their 7-year old daughter, an American citizen, along with Mr. Xing's mother.[1] Mr. Xing has a Chinese passport that was seized by federal authorities when he was arrested.

He has lived in the United States continuously since 2009 with the last 7-8 years within the Central District of California.[2] While he was employed, he has not worked since November 2023 after he suffered some type of stroke.

---

[1] According to Zillow.com, the property has a current estimated market value of $809,800. It last sold in 2018 (when Mr. Xing and his partner purchased it) for $508,000.

[2] According to the Pretrial Services Report, Immigration and Customs Enforcement records reflect Mr. Xing entered the United States in April of 2015. However, FBI and California Bureau of Criminal Identification and Information, as well as the national Crime and Information Center show a conviction in California for misdemeanor battery in September 2011. The criminal history comports with Mr. Xing's statement that he has been in the United States since he was 21 years old (since 2010). However, if ICE records are correct and Mr. Xing did not enter the United States until 2015, then the criminal conviction in 2011 is not related to Mr. Xing.

DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

III. ARGUMENT

A. THE GOVERNMENT IS NOT ENTITLED TO A DETENTION HEARING.

A detention hearing is permissible upon the government's motion only if the crime alleged falls within one of the seven enumerated offense categories: (1) a crime of violence; (2) violation of 18 U.S.C. §1591 (sex trafficking of children); (3) terrorist offenses in 18 U.S.C. §2332(b)(g)(5)(B) with a penalty of ten years or more; (4) where the offense has a maximum sentence of life imprisonment or death; (5) a drug offense carrying a maximum term of imprisonment of ten years or more; (6) any felony committed after the person has been convicted of two or more of the offenses listed previously, whether a state or federal offense; and (7) any felony which is not a crime of violence that involves a minor victim, possession of firearm or destructive device or other dangerous weapon, or failure to register as a sex offender. *See* 18 U.S.C. § 3142(f)(1).[3] Mr. Xing is not charged with an offense that falls within any of these seven categories.

Absent charges meeting the requirements of §3142(f)(1), the only other permissible basis for a detention hearing is where there is either a serious risk of flight or a serious risk that the person will "obstruct or attempt to obstruct justice or threaten, injure or intimidate or attempt to do so to a prospective witness or juror. 18 U.S.C. § 3142(f)(2). Moreover, if the crime charged is enumerated in § 3142(f)(1), the Court cannot base its detention order on danger to the community. *See United States v. Twine*, 344 F.3d 987 (9th Cir. 2003) (holding Bail Reform Act does not authorize pretrial detention without bail

---

[3] This last category might be subject to amendment depending on how the Supreme Court rules in the pending cases challenging federal felon in possession statutes under the Second Amendment as interpreted in the Court's decision in New York State Rifle & Pistol Assn., Inc. v. Bruen, 597 U.S. 1 (2022).

DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

based solely on finding of dangerousness); *accord United States v. Byrd,* 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof,* 851 F.2d 7 (1st Cir. 1988); *United States v. Himler,* 797 F.2d 156 (3d Cir. 1986).

If the government moves for detention based on serious risk of flight or serious risk of obstruction or interference, § 3142(f)(2), and the charge itself is not one of the enumerated offenses under subsection (f)(1), any claim of danger must relate to the federal case. Unrelated allegations of dangers to others cannot justify an order of detention. *See Ploof*, 851 F.2d at 11-12.

### B. WHILE THE NINTH CIRCUIT HAS HELD THAT THE GOVERNMENT'S BURDEN UNDER §3142(F)(2) IS PREPONDERANCE OF THE EVIDENCE, DUE PROCESS REQUIRES A HIGHER STANDARD.

Under the Bail Reform Act of 1984, there is a presumption, subject to exceptions, that a defendant shall be released pretrial on personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." *See* 18 U.S.C. §3142(b).

The statute is silent on the government's burden is in justifying detention based on risk of flight. However, most courts have interpreted the statute to require a preponderance of the evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Vortis*, 785 F.2d 327, 329 (D.C. Cir. 1986); *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Portes*, 796 F.2d 768, 765 (7th Cir. 1985); *United States v. Orta,* 760 F.2d 887, 891 & n.20 (8th Cir. 1985); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir.

1985). As the statute requires a finding of dangerousness be supported by clear and convincing evidence, Courts have held that Congress must have intended a different standard of proof because of its silence on the question of risk of flight. *See United States v. Motamedi*, 767 F.3d 1403, 1406 (9th Cir. 1985).

However, Due Process suggests that there should be a higher burden of proof because of the liberty interest at stake. In *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804 (1979), the Supreme Court explained that the standard of clear and convincing evidence is appropriate in cases in which the individual's interest at stake is more substantial than financial consequences as is typical in a civil matter but less substantial than the consequences of a criminal conviction. *Id.* at 427, 431-33. This is the precise interest an individual has in a detention proceeding. In *Addington* where the issue was the standard of proof in civil commitment proceedings—the interest at stake is the liberty from non-punitive, regulatory confinement. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979) (pretrial detention must be regulatory, not punitive).

Accordingly, the Court should employ the higher standard of clear and convincing evidence in evaluating a detention request.

### C.  IN SEEKING A DETENTION HEARING UNDER § 3142(F)(2), THE GOVERNMENT MUST SHOW THAT THE RISK IS FAR BEYOND THE COMMON RISKS PRESENT IN ALL CASES.

Black's Law Dictionary defines "serious" as "important; weighty; momentous, and not trifling; as in the phrases "serious bodily harm," "serious personal injury." The American heritage Dictionary defines the word as "not joking or trifling," "meriting great concern," "pertaining to important rather than trivial matters." (American Heritage

Dictionary, Fifth Edition 2022). For the risk of flight or obstruction to be "serious," it must far exceed the risks common in every criminal case. The government must show more than evidence of the commission of a serious crime and the fact of a potentially long sentence. *See United States v. Friedman,* 837 F.2d 48, 49 (2d Cir. 1988). A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention. *See United States v. Hinder,* 797 F.2d 156, 160 (3d Cir. 1986) (possession of one false form of identification not enough by itself to justify pretrial detention in the absence of evidence that defendant actually intended to flee from prosecution).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). Serious risk of flight or obstruction must be narrowly construed. It is not an expansive provision permitting detention for any and all possible risks caught in a net cast far and wide.

IV. CONCLUSION

The Court should deny the government's request for detention and release Mr. Xing on his own recognizance or unsecured personal signature bond.

Respectfully submitted,

Date: 3 June 2024

s/ *David J. Kaloyanides*
David J. Kaloyanides
Attorney for Defendant
Shuyi Xing