David J. Kaloyanides SBN 160368
E: djpk@rt2counsel.com
David J.P. Kaloyanides, APLC
111 W. Ocean Blvd., Ste 400
Long Beach, CA 90802
(213) 623-8120

Attorney for Defendant
Shuyi Xing

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.: 2:24-cr-00331-AB-05 |
|---|---|
| Plaintiff, | ) |
| vs. | ) DEFENDANT SHUYI XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW/ RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES. |
| YANG SONG, et al., (SHUYI XING), Defendants. | |

Defendant Shuyi Xing, individually and by and through his attorney of record in this case, David J. Kaloyanides, hereby files this Opposition to the Government's Application for Review/Reconsideration of Order Setting Conditions of Release.

This Opposition is based on the accompanying Memorandum of Points and Authorities, the papers, pleadings, and other documents in the Court's file, the evidence presented at the initial hearing regarding the government's request for detention, defendant's Due Process Rights, his Sixth Amendment right to effective assistance of

1
DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

counsel, the argument and such other evidence as may be presented at the hearing of this matter, and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Date: 9 July 2024          s/ *DavidjKaloyanides*
David J. Kaloyanides
Attorney for Defendant
Shuyi Xing

# MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

The Government's application states nothing new. It is simply a reassertion of its disagreement with the Court's Order without making any showing that the Order was contrary to the law or based on a misconstruction of the facts. The government failed to demonstrate that it was entitled to a detention hearing under the express language of 18 U.S.C. § 3142(f). It's assertion that the statute places no burden on the government to make such a showing runs contrary to the express language of the statute.

The Order of the Court was correct, applied the correct standard, and made the appropriate findings for Mr. Xing's pretrial release. The government's application should be denied.

II. STATEMENT OF FACTS

Mr. Xing is charged with Conspiracy to commit wire fraud and mail fraud (18 U.S.C. § 1349); Aggravated Identity Theft (18 U.S.C. § 1028A); actual wire and mail fraud (18 U.S.C. § 1343 and 1341); and Conspiracy to traffic in counterfeit goods (18 U.S.C. § 2320). These charges arise out of the alleged manufacturing of counterfeit products of Apple Inc., namely Apple's iPhone and iPad, and the actual and attempted presentation of these counterfeit products to Apple Inc. as genuine in order to defraud Apple Inc. into exchanging the products for actual products manufactured by Apple Inc. The Government alleges that when the co-conspirators secured actual Apple products, the

DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

products were shipped out of the United States to other locations, primarily China, where they were sold for a substantial profit.

At Mr. Xing's initial appearance, the Court took evidence to determine whether the government could show that it was entitled to a detention hearing. The government's request was based on 18 U.S.C. §3142(f)(2)(A) and (B), alleging that there was a serious risk that Mr. Xing would flee and that there was a serious risk he would obstruct or attempt to obstruct justice.

The government presented evidence in the form of testimony of the case agent and several exhibits. As the Court will recall, the case agent could not answer basic questions concerning the government's allegations regarding obstruction of justice. Nor could the case agent answer questions relating to questions of risk of flight as the case agent had no direct, personal knowledge regarding the cash found at Mr. Xing's residence nor the allegations that Mr. Xing had set up and controlled certain bank accounts through which over one million dollars of purportedly fraudulent transfers were made. Ultimately, the government withdrew its request for a hearing based on the allegation that Mr. Xing posed a serious risk of obstruction.

The Court took the matter under submission. After additional briefing by the parties, the Court determined that the government had not met its burden showing it was entitled to a detention hearing. Nonetheless, the Court imposed strict conditions on Mr. Xing for his pretrial release. (See Dkt. No. 66).

III. Argument

### THE GOVERNMENT STILL HAS NOT DEMONSTRATED THAT IT WAS ENTITLED TO A DETENTION HEARING.

The government's application for review presents nothing new. It merely asserts, without supporting authority, that the Court imposed an incorrect standard for determining when the government was entitled to a detention hearing under 18 U.S.C. §3142(f)(2). As argued extensively at the hearing, in its briefing, and now in this application, the government asserts that there is no standard it must meet before a detention hearing is held. According to the government, as long as the government has a good faith belief, the detention hearing must be held.

Basing its argument on the statute's express language, the government argues that the statute "imposes no burden on the government to *trigger* a detention hearing." (Gov't Application for Review at 5, Dkt. No. 76, emphasis in original). The government then draws the conclusion that the absence of an express standard in the statute must mean that a detention hearing is mandated based on nothing more than the government's own subjective belief. As the government argues strict statutory construction, it is curious that it reads this non-existent standard into the statute's silence. No where does §3142(f) premise a detention hearing on governmental whim.

The government attempts to construct support for its view by arguing that any other interpretation imposing a standard would create a two-step inquiry resulting in a hearing before a hearing which "serves no practical purpose other than delay." (Gov't Application for Review at 2, Dkt. No. 76). But in so doing, the government misconstrues the statute.

DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

By its express terms, §3142(f) *is* a two-step approach. First, there must be a showing that a detention hearing should be held. If, and only if that showing is made, is a hearing held to determine whether or not there are conditions that can be imposed that would permit the defendant's pretrial release. These are two separate inquiries with two distinct goals. If, as the government argues, there is no standard and no judicial finding required to hold the detention hearing in the first place, why did congress include specific requirements as the basis of the hearing? If, as the government asserts, all that is necessary is the government's belief, Congress would have said as much. All that would be necessary is for the government to make the request for the hearing, nothing more.

That is not what the statute says.

The legislative history of the Bail Reform Act of 1984 shows Congress' intent to require a showing before a detention hearing may be held. By the express language of §3142(f)(1), for example, the Court must first find that the defendant is charged with one of the categories of offenses listed in subsections (A) through (E). But that finding alone is not sufficient to warrant the hearing.

> The fact that the defendant is charged with an offense described in subsection (f)(1)(A) through (C) is not, in itself, sufficient to support a detention order. However, the seriousness of the offenses described in subsection (f)(1)(A) through (C) coupled with the government motion is a sufficient basis for requirement an inquiry into whether detention may be necessary to protect the community from the danger that may be posed by a defendant charged with one of these crimes.

1984 U.S.C.C.A.N. at 3204.

By the language of the statute as well as the legislative history, specific findings are required to trigger a detention hearing under subsection (f)(1). But the specific findings are not sufficient in and of themselves. Without the request for the hearing made by the government, no hearing can take place no matter what the defendant is charged with. The statute does not even give the authority to the Court to hold the hearing on its own motion under subsection (f)(1).

There is a distinction under subsection (f)(2). There, the hearing may be held on the motion of the government or the Court *if, and only if*, the case involves a serious risk of flight or a serious risk of obstruction of justice. Subsections (f)(2)(A) and (B) limit when a detention hearing can be held in circumstances other than under subsection (f)(1). *See* 18 U.S.C. §3142(f)(2); *see also* 1984 U.S.C.C.A.N at 3204.

The context of words and phrases in statutes is key to interpreting them.

> [T]he canon of *noscitur a sociis* teaches that a word is "given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008). That "avoid[s] ascribing to one word a meaning so broad that it is inconsistent with" "the company it keeps." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995).

*Fischer v. United States*, 603 U.S. --- slip. op. at 5 (28 June 2024).

Subsections (A) and (B) of 18 U.S.C. §3142(f)(2) restrict the Court's authority to hold a detention hearing. Both require a *judicial* finding. Nothing in the express language of the statute nor the legislative history suggests that such judicial finding is to be

7
DEFENDANT XING'S RESPONSE TO GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION

abandoned to governmental discretion nor such determination relinquished to governmental belief.

Where the government's position regarding a defendant's pretrial detention is, as most frequently, influenced if not directly based upon the views of agents investigating the defendant and the crime he is alleged to have committed, the analogy to the due process concerns that give rise to the requirement that a neutral and detached magistrate make probable cause determinations is particularly apt. In the Fourth Amendment context, the Supreme Court has long recognized:

> The point of the Fourth Amendment, which often is not grasped by zelous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

*Johnson v. United States*, 333 U.S. 10, 13-14 (1948); *see also Gerstein v. Pugh*, 420 U.S. 103, 112-13 (1975).

In the context of pretrial detention where liberty interests still exist, if not to the same degree as arise under the Fourth Amendment, nothing in the language of §3142(f) suggests that Congress intended to leave the discretion for a detention hearing in the hands of the government.

## IV. Conclusion

The Court properly denied the government's request for detention. Mr. Xing's bond should remain as ordered.

Respectfully submitted,

Date: 9 July 2024  s/ *DavidjKaloyanides*
David J. Kaloyanides
Attorney for Defendant
Shuyi Xing