UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. **2:24-cr-00331-AB-5**　　　　　　　　　　　　Date: July 26, 2024
Title　　USA v. Shuyi Xing

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| **Valerie Velasco** | **N/A** |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (In Chambers) ORDER RE: REQUEST FOR DETENTION, DKT. 76**

On June 21, 2024, the government filed an application for review/reconsideration of the Court's previous order denying the government's request for detention. ECF Docket No. ("Dkt.") 76. The district court referred the application to this Court on June 24, 2024. Defendant filed an opposition on June 9, 2024. Dkt. 88. The government did not file a reply. For the reasons discussed below, the Court **DENIES** the government's application for reconsideration.

# I.
# SUMMARY/BACKGROUND

In its June 7, 2024, order, the Court summarized the background as follows:

> Along with four codefendants, Defendant is charged with conspiracy to commit wire fraud and mail fraud, aggravated identity theft, wire fraud, mail fraud, and conspiracy to traffic in counterfeit goods. Dkt. 1 ("Indictment") at 6–26. The charges stem from an alleged scheme whereby the Defendants allegedly imported counterfeit Apple devices with identification numbers that matched the identification numbers of true Apple devices owned by real persons who held warranties on the devices; Defendants allegedly returned the counterfeit devices as if they were the genuine devices, thereby obtaining replacements or repaired

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. **2:24-cr-00331-AB-5**                                              Date: July 26, 2024

Title    USA v. Shuyi Xing

devices from Apple. Id. at 6–9. Defendant was indicted on this conduct on May 23, 2024. Id.

Also on May 23, 2024, the government requested detention on the basis that this case involves a serious risk that Defendant will flee and/or that Defendant will obstruct justice under section 3142(f)(2). Defendant was arrested and made his initial appearance on May 31, 2024. Dkts. 28, 48. Defendant requested a continuance on the issue of detention to June 3, 2024. Dkt. 28. On the morning of June 3, 2024, Defendant filed an opposition to the government's request for detention, arguing that the government is not entitled to a detention hearing because it cannot meet its burden of showing Defendant poses a serious risk of flight or that there is a serious risk Defendant will attempt to obstruct justice. Dkt. 20. The Court held a hearing later that morning, where it heard the parties' arguments on the issue. Dkt. 31. The Court also heard testimony from IRS Special Agent Audrey Moorhead regarding documents that the government argued showed that Defendant may have been engaged in other fraudulent activities or at least had access to more financial resources than he represented to the Court.[1] Dkt. 38. Ultimately, the government withdrew its request for detention on the basis of potential obstruction, choosing to proceed only on the basis that the case involves a serious risk of flight. The Court also ordered the government to file a reply and gave Defendant leave to file an optional response, taking the matter under submission once the briefing was complete. Dkt. 31.

---

[1] Specifically, the government attempted to introduce: (1) Exhibit Three—subpoenaed bank records relating to bank accounts that Defendant allegedly opened approximately a year ago which show multiple incoming wire transfers; (2) Exhibit Five—work product of the agent in which she calculated the amount of suspicious wires that went into accounts that Defendant allegedly opened; and (3) Exhibit Six—a police report the agent received in connection with her investigation in which a victim in Louisiana mentioned that she sent wire transfers to someone she believed worked for the Social Security Administration. The agent believes these transfers went to entities that Defendant created himself that he did not mention to Pretrial Services.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:24-cr-00331-AB-5** | Date: July 26, 2024 |
| Title    USA v. Shuyi Xing | |

Dkt. 66 at 1–2.

After the government filed a reply, the Court issued an order denying the government's request for detention.  Dkt. 66.  Specifically, the Court joined "the myriad courts in this circuit and others to hold that the government must demonstrate by a preponderance of the evidence that a defendant presents a 'serious risk of flight' in order to justify a detention hearing under section 3142(f)(2)(A)."  Id. at 8.  The Court found that, to show whether a defendant presents a "serious risk of flight," the government must show that "there is a great or beyond-average risk that Defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision."  Id. at 9.  The Court found that Defendant's ties to a foreign county, his alleged lack of candor in reporting his financial resources, and the allegations of fraud were not sufficient to establish, by a preponderance of the evidence, that Defendant presents a beyond-average risk of flight—particularly when weighed against his strong ties to this district.  Id. at 10–16.  Accordingly, the Court ordered Defendant released upon conditions, which included a requirement that Defendant surrender his Chinese passport and secure a $100,000 appearance bond with his property in Corona, CA.  Id. at 16.

On June 21, 2024, the government filed the instant application for reconsideration of the Court's order.  Dkt. 76 ("App.").  The government restates its argument that there is no burden of proof to trigger a detention hearing under section 3142(f) and that the government is entitled to a detention hearing based only on its good-faith belief that one is warranted under section 3142(f).  Id. at 10–20.  The government next argues that detention is warranted in this case.  Id. at 20–22.

The district court referred the application to this Court.  Dkt. 78.  On July 9, 2024, Defendant filed an opposition.  The government did not file a reply.  For the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:24-cr-00331-AB-5**                                              Date:  July 26, 2024
Title      USA v. Shuyi Xing

reasons discussed below, the Court does not find cause to reconsider its previous order; accordingly, the government's application is **DENIED**.

## II.
## DISCUSSION

The Court agrees with Defendant that, for the most part, the government's application does not present any arguments or authority that the Court did not already consider through the parties' original briefing or oral argument.  Accordingly, in large part, the Court bases its decision to deny the government's application to reconsider on the same reasoning outlined in the June 7, 2024 order.  See Dkt. 66.  However, the Court will briefly readdress the parties' statutory interpretation arguments and briefly discuss the state of the current authority on the issue of the government's entitlement to a detention hearing under section 3142(f).

The government notes that the text of section 3142(f) imposes no burden of proof on the government to trigger a detention hearing under either (f)(1) or (f)(2). App. at 10.  This is true, of course, which contributes greatly to the lack of clarity on the issue and the split of authority across district and circuit courts.  However, the fact that section 3142(f) does not explicitly impose a burden of proof does not mean one does not exist.  As the government's own authority demonstrates, courts have read burdens of proof into other sections of section 3142 that do not explicitly prescribe them.  See United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985) (prescribing the "preponderance of the evidence" standard to the determination of whether a person poses a risk of flight under section 3142(f) despite "congressional silence" on the issue, and even where the statute specified a different standard for another component).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  **2:24-cr-00331-AB-5** | Date:  July 26, 2024 |
| Title    USA v. Shuyi Xing | |

     As is always the case when the statute is silent as to a crucial component, the Court must do its best to interpret the statute according to Congressional intent. Often times, other courts have already gone through this exercise and produced well-reasoned decisions on the issue. Therefore, this Court first looks to prior decisions for assistance—first, binding precedent, and if there is none, persuasive authority. Here, all parties seem to agree that there is no binding Supreme Court or Ninth Circuit authority on the issue. Accordingly, the Court must look to other circuits or district courts for persuasive authority. As the Court detailed in its prior order, and as the government acknowledged in its application, there is little uniformity among other circuit court and district court decisions on this issue. Notably, the government primarily relies on unpublished district court decisions or district court decisions from outside the Ninth Circuit to support their argument that the government need only have a good-faith belief to trigger a detention hearing under section 3142(f)(2). App. at 14. By contrast, this Court cited a published decision from a district court within the Ninth Circuit where the court explicitly found that "[t]he Government must demonstrate serious risk of flight by a preponderance of the evidence to trigger a detention hearing under § 3142(f)(2)(A)." Dkt. 66 at 5 (citing United States v. Figueroa-Alvarez, 681 F. Supp. 3d 1131, 1138 (D. Idaho 2023)). In any case, the Court acknowledges that "[n]o district court opinion, published or unpublished, constitutes precedent binding in any other case on any judge; that is, other district judges may freely differ with any district judge's opinion, published or unpublished." Arakaki v. Cayetano, 299 F. Supp. 2d 1090, 1094 n.3 (D. Haw. 2002), aff'd in part, rev'd in part sub nom. Arakaki v. Lingle, 423 F.3d 954 (9th Cir. 2005), and aff'd in part, rev'd in part sub nom. Arakaki v. Lingle, 477 F.3d 1048 (9th Cir. 2007). Accordingly, the Court independently evaluated the reasoning of the various relevant decisions in coming to its conclusion.

     Indeed, the Court noted that the court in Figueroa-Alvarez, like courts that have come to a similar conclusion on the issue, did not explain their reasoning in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:24-cr-00331-AB-5** | Date: July 26, 2024 |
| Title USA v. Shuyi Xing | |

detail. Dkt. 66 at 6. The Court examined two district court cases that grappled with the question in at least some detail and came to opposite conclusions, both of which are coincidentally titled United States v. White. Id. at 5 (citing United States v. White, No. 3:18-CR-00025-NKM-JCH (WDVA), 2018 WL 5291989 (N.D. Cal. Oct. 19, 2018) ("White I")), 7 (citing United States v. White, No. 3:21-MJ-04070, 2021 WL 2155441, at *6–7 (M.D. Tenn. May 27, 2021) ("White II")). While the Court credited the concerns of both courts, the Court found the reasoning of White II more persuasive. Dkt. 66 at 5–7. Indeed, the Court notes that the White II court goes into significantly more detail than the White I court, which primarily rested its conclusion that the government is entitled to a detention hearing based only on the fact that a detention hearing should happen with immediacy. Compare White I, 2018 WL 5291989 at *4 with White II, 2021 WL 2155441 at *6–7. The Court does not find this reason particularly compelling, given that the statute explicitly prescribes the much more difficult clear and convincing standard to a finding that courts often make at the detention hearing, which courts in this district usually hold on the day of the initial appearance. 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). Courts are aware of the relatively short time either party has to amass evidence and present facts at the initial appearance and afford the appropriate weight to the parties' proffers with this context in mind.

For similar reasons, the Court does not find persuasive the government's argument that applying a preponderance of the evidence standard to section 3142(f)(2) would result in serious delays in the detention hearing because the government would be forced to consistently invoke its right to a three-day continuance. App. at 19. As noted above, in this district, the government routinely attempts to meet the clear and convincing standard on the day of the initial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:24-cr-00331-AB-5**                                              Date:  July 26, 2024
Title       USA v. Shuyi Xing

appearance.  Thus, the obligation to meet the less-demanding preponderance of the evidence standard in a small subset of these cases should not realistically affect the frequency with which the government requests a three-day continuance.

Nor does the Court find the government's other statutory or policy-based arguments compelling enough to reconsider its prior conclusions.  The government argues that the use of the word "shall" in section 3142 demonstrates that a court must "hold the detention hearing upon motion of the government without regard to any particular burden of proof."  Id. at 11; see 18 U.S.C. § 2142(f) ("The judicial officer shall hold a [detention] hearing … upon motion of the attorney for the government or upon the judicial officer's own motion…").  However, the word "shall" is somewhat tempered by the statute's subsequent use of the term "upon motion."  Typically, when a party must make a motion for some judicial act, the Court may deny the motion if the requisite conditions are not met—in this case, if the defendant does not present a "serious risk of flight."  Furthermore, where a party must make a motion for some act, the other party usually has the opportunity to oppose the motion.  As the White II court noted, the fact that this does not happen often in practice in the specific context of section 3142(f)(2) does not mean that a defendant is precluded from challenging such a motion, as they could in any other context.  See White II, 2021 WL 2155441 at *6.  Ultimately, while the government's interpretation of the use of the word "shall" is not unreasonable per se, when read in the context of the rest of the statute, the most reasonable interpretation is the far more obvious one—that the Court may not decline to hold a detention hearing if it is shown that the defendant presents a serious risk of flight.

Indeed, the primary reason that the Court is reluctant to accept the government's interpretation of the statute is that it would render the gatekeeping provisions of sections 3142(f)(1) and (f)(2) wholly irrelevant.  The White II court discussed this, as did this Court, at length, in its prior order.  The government argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:24-cr-00331-AB-5**                                                                 Date:  July 26, 2024
Title        USA v. Shuyi Xing

that Congress may have fairly intended to put the decision of whether a detention hearing is warranted wholly in the hands of the government.  App. at 18–19.  While Congress could have done so, as discussed above, Congress's intent is not entirely clear from the text of the statute, so the Court must look to the greater context of the statute and cases that have interpreted the statute.  As discussed above and in its prior order, the government's interpretation is inconsistent with the persuasive reasoning of the White II court and the volume of other courts who have come to a similar conclusion without significant comment.

   Additionally, the government's interpretation is inconsistent with the structure of the statute and other courts' interpretation of neighboring provisions.  As the Court noted in its prior order, there would be no reason to limit the situations in which a detention hearing is warranted if all that was required to mandate a detention hearing was the checking of a box.  The Court need not assume that the government would intentionally and surreptitiously assert that there is a "serious risk of flight" in every case to conclude that this is inconsistent with the presence of the gatekeeping provisions.  Rather, the conclusion flows directly from Congress's decision to include the gatekeeping provisions in the Act in the first place.  Because Congress included the gatekeeping provisions, the Court must presume they have meaning and effect.  Indeed, the Ninth Circuit has employed very similar reasoning to hold that a Court may not detain a defendant based on danger to the community alone.  See United States v. Twine, 344 F.3d 987 (9th Cir. 2003) ("We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2).").

   Ultimately, while this Court admits that the questions presented here have not been resolved conclusively in a case that would be considered binding on this Court, the government has not presented any argument here that would cause the Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:24-cr-00331-AB-5** | Date: July 26, 2024 |
| Title USA v. Shuyi Xing | |

reconsider its prior conclusions, which relied on the context and structure of the statute and came only after a survey of the various forms of persuasive authority on the issues.

### III.
### ORDER

In light of the foregoing, the Court **DENIES** the government's application for reconsideration.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |