David J. Kaloyanides SBN 160368
E: djpk@rt2counsel.com
David J.P. Kaloyanides, APLC
111 W. Ocean Blvd., Ste 400
Long Beach, CA 90802
(213) 623-8120

Attorney for Defendant
Shuyi Xing

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> YANG SONG, et al., (SHUYI XING), ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ———————————————— ) | Case No.: 2:24-cr-00331-AB-05 <br><br> DEFENDANT SHUYI XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE DENIAL OF DETENTION HEARING; MEMORANDUM OF POINTS AND AUTHORITIES. |

Defendant Shuyi Xing, individually and by and through his attorney of record in this case, David J. Kaloyanides, hereby files this Opposition to the Government's Application for Review of the Magistrate Judge's Order Denying its request for a detention hearing..

This Opposition is based on the accompanying Memorandum of Points and Authorities, the papers, pleadings, and other documents in the Court's file, the evidence presented at the initial hearing regarding the government's request for detention,

1
DEFENDANT XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE DENIAL OF DETENTION HEARING

defendant's Due Process Rights, his Sixth Amendment right to effective assistance of counsel, the argument and such other evidence as may be presented at the hearing of this matter, and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Date: 3 September 2024

      s/ *DavidJKaloyanides*
David J. Kaloyanides
Attorney for Defendant
Shuyi Xing

# MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

At the outset, the government's request that Mr. Xing be remanded should be denied. It is unsupported by the evidence—the clearest of which is the fact that Mr. Xing has fully complied with all the conditions of his pretrial release bond for nearly three months. The "parade of horribles" of which the government has warned to be imminent never came to pass. There can, therefore, be no question that the current combination of conditions are more than sufficient to support Mr. Xing's continued pretrial release.

This leaves the government's other argument: that it was entitled to a detention hearing in the first place. In this, the government asserts two inconsistent arguments: first, that by the express language of the statute, there is no burden of proof for finding one or both of the conditions required to trigger a detention hearing; and second, the only requirement for triggering the detention hearing (i.e. the burden of proof) is the government's good faith belief.

Either Congress intended a burden of proof or it didn't. The government cannot have it both ways. If the absence in the statutory language of 18 U.S.C. §3142(f) means there is no burden of proof, the government cannot read into the statute the standard of "good faith belief" by the government. This would lead to an absurd result: Congress requires a finding by the express language (serious risk of flight or serious risk of obstruction) to trigger the hearing but does not require any quantum of showing.

If Congress had intended to trigger the hearing based on governmental belief—good faith or otherwise—it would have said so. But nothing in the statute suggests or allows for the inference that Congress intended to apply such a vacuous standard.

The decision of the Magistrate Judge was correct. A showing by a preponderance of the evidence that one or both of the two express requirements exists is the proper standard to trigger a detention hearing.

And this Court should affirm that ruling.

## II. STATEMENT OF FACTS

Mr. Xing is charged with Conspiracy to commit wire fraud and mail fraud (18 U.S.C. § 1349); Aggravated Identity Theft (18 U.S.C. § 1028A); actual wire and mail fraud (18 U.S.C. § 1343 and 1341); and Conspiracy to traffic in counterfeit goods (18 U.S.C. § 2320). These charges arise out of the alleged manufacturing of counterfeit products of Apple Inc., namely Apple's iPhone and iPad, and the actual and attempted presentation of these counterfeit products to Apple Inc. as genuine in order to defraud Apple Inc. into exchanging the products for actual products manufactured by Apple Inc. The Government alleges that when the co-conspirators secured actual Apple products, the products were shipped out of the United States to other locations, primarily China, where they were sold for a substantial profit.

At Mr. Xing's initial appearance, the Court took evidence to determine whether the government could show that it was entitled to a detention hearing. The government's request was based on 18 U.S.C. §3142(f)(2)(A) and (B), alleging that there was a serious risk that Mr. Xing would flee and that there was a serious risk he would obstruct or attempt to obstruct justice.

DEFENDANT XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE DENIAL OF DETENTION HEARING

The government presented evidence in the form of testimony of the case agent and several exhibits. As the Court will recall, the case agent could not answer basic questions concerning the government's allegations regarding obstruction of justice. Nor could the case agent answer questions relating to questions of risk of flight as the case agent had no direct, personal knowledge regarding the cash found at Mr. Xing's residence nor the allegations that Mr. Xing had set up and controlled certain bank accounts through which over one million dollars of purportedly fraudulent transfers were made. Ultimately, the government withdrew its request for a hearing based on the allegation that Mr. Xing posed a serious risk of obstruction.

The Court took the matter under submission. After additional briefing by the parties, the Court determined that the government had not met its burden showing it was entitled to a detention hearing. Nonetheless, the Court imposed strict conditions on Mr. Xing for his pretrial release. (*See* Dkt. No. 66).

Subsequently, the government sought review of that order. This Court referred the matter to the Magistrate Judge (*See* Dkt. No. 78), and the Magistrate Judge again denied the government's request for hearing. (*See* Dkt. No. 100).

The government then raised the instant request with the District Court, (*See* Dkt. No. 102), and this Court granted a hearing (*See* Dkt. No. 104).

III. ARGUMENT

A. THE GOVERNMENT WAS NOT ENTITLED TO A DETENTION HEARING.

The government's assertion that there is no standard it must meet before a detention hearing is held is not supported by the language of §3142(f). Nor is its assertion

that the standard is merely it's own good faith belief. While there is no express burden of proof set forth in §3142(f), nowhere in §3142 as a whole did Congress suggest a standard based on governmental whim.

By its express terms, §3142(f) is a two-step approach. First, there must be a showing that a detention hearing should be held. If, and only if that showing is made, is a hearing held to determine whether or not there are conditions that can be imposed that would permit the defendant's pretrial release. These are two separate inquiries with two distinct goals. Contrary to the government' assertion, Congress required specific findings in order to trigger a detention hearing.

Under §3142(f)(1), there must be a showing requiring a finding by the Court that the defendant is charged with one of the categories of offenses listed in subsections (A) through (E). But as set forth in the Legislative History of the Bail Reform Act of 19984, that finding alone is not sufficient to warrant the hearing.

> The fact that the defendant is charged with an offense described in subsection (f)(1)(A) through (C) is not, in itself, sufficient to support a detention order. However, the seriousness of the offenses described in subsection (f)(1)(A) through (C) coupled with the government motion is a sufficient basis for requirement an inquiry into whether detention may be necessary to protect the community from the danger that may be posed by a defendant charged with one of these crimes.

1984 U.S.C.C.A.N. at 3204.

Thus, specific findings are required to trigger a detention hearing under subsection (f)(1). But the specific findings alone do not trigger the hearing. The

6

DEFENDANT XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE DENIAL OF DETENTION HEARING

government must still make the request. The statute does not even give the authority to the Court to hold the hearing on its own motion under subsection (f)(1).

This is different from the requirements under subsection (f)(2). There, the hearing may be held on the motion of the government or the Court *if, and only if*, the case involves a serious risk of flight or a serious risk of obstruction of justice. Subsections (f)(2)(A) and (B) limit when a detention hearing can be held in circumstances other than under subsection (f)(1). *See* 18 U.S.C. §3142(f)(2); *see also* 1984 U.S.C.C.A.N at 3204.

The context of words and phrases in statutes is key to interpreting them.

> [T]he canon of *noscitur a sociis* teaches that a word is "given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008). That "avoid[s] ascribing to one word a meaning so broad that it is inconsistent with" "the company it keeps." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995).

*Fischer v. United States*, 603 U.S. --- slip. op. at 5 (28 June 2024).

Subsections (A) and (B) of 18 U.S.C. §3142(f)(2) restrict the Court's authority to hold a detention hearing. Both require a *judicial* finding. Nothing in the express language of the statute nor the legislative history suggests that such judicial finding is to be abandoned to governmental discretion nor such determination relinquished to governmental belief.

Where the government's position regarding a defendant's pretrial detention is, as most frequently, influenced if not directly based upon the views of agents investigating

the defendant and the crime he is alleged to have committed, the analogy to the due process concerns that give rise to the requirement that a neutral and detached magistrate make probable cause determinations is particularly apt. In the Fourth Amendment context, the Supreme Court has long recognized:

> The point of the Fourth Amendment, which often is not grasped by zelous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

*Johnson v. United States*, 333 U.S. 10, 13-14 (1948); *see also Gerstein v. Pugh*, 420 U.S. 103, 112-13 (1975).

In the context of pretrial detention where liberty interests still exist, if not to the same degree as arise under the Fourth Amendment, nothing in the language of §3142(f) suggests that Congress intended to leave the discretion for a detention hearing in the hands of the government.

### B. AT MINIMUM, A PREPONDERANCE OF THE EVIDENCE SHOULD BE REQUIRED TO TRIGGER A DETENTION HEARING.

Absence of an express burden of proof under §3142(f) does not mean there is no standard at all. Inference from context and related sections of a statute provide guidance as to Congress's intent in the absence of express language. For example, the statute imposes a clear and convincing standard for detention based on a finding of dangerousness. 18 U.S.C. §3142(f)(2). It is silent on the government's burden based on

risk of flight. As the statute requires a finding of dangerousness be supported by clear and convincing evidence, Courts have held that Congress must have intended a different standard of proof because of its silence on the question of risk of flight. *See United States v. Motamedi*, 767 F.3d 1403, 1406 (9th Cir. 1985). Most courts have interpreted the statute to require a preponderance of the evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Vortis*, 785 F.2d 327, 329 (D.C. Cir. 1986); *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Portes*, 796 F.2d 768, 765 (7th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

Finding Congressional intent for a burden of proof by inferences based upon the language in other and related sections of the same statute is well-established in statutory construction. Creating a new standard—good faith belief by the government—is not.

Thus, at a minimum, to trigger the hearing, the government must be able to show serious risk of flight or serious risk of obstruction by a preponderance of the evidence.

However, Due Process suggests that a higher burden of proof is appropriate. Where liberty interests are at stake, more than even preponderance should be the standard.

The standards in civil commitment proceedings provide an apt analogy. In *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804 (1979), the Supreme Court explained that the standard of clear and convincing evidence is appropriate in cases in which the individual's interest at stake is more substantial than financial consequences as is typical in a civil matter but less substantial than the consequences of a criminal conviction. *Id.* at

9

DEFENDANT XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE DENIAL OF DETENTION HEARING

427, 431-33. This is the precise interest an individual has in a detention proceeding. In *Addington* where the issue was the standard of proof in civil commitment proceedings—the interest at stake is the liberty from non-punitive, regulatory confinement. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979) (pretrial detention must be regulatory, not punitive).

IV. CONCLUSION

The Magistrate Judge's determination that the government was not entitled to a detention hearing was correct. Employing a preponderance of the evidence standard for triggering the detention hearing is supported by the language of the statute and how the statute has been interpreted by numerous court. The government's suggestion of a "good faith belief" standard where liberty interests are at stake is tantamount to no standard at all. This Court should affirm the Magistrate Judge's decision.

Respectfully submitted,

Date: 3 September 2024

    s/ *DavidjKaloyanides*
David J. Kaloyanides
Attorney for Defendant
Shuyi Xing

DEFENDANT XING'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE DENIAL OF DETENTION HEARING